Filed 2/26/16  P. v. Matthews CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAISHAWN LADAE MATTHEWS,<br><br>    Defendant and Appellant. | H042702<br>(Santa Clara County<br>Super. Ct. No. C1498008) |

In November 2014, defendant Daishawn Ladae Matthews was charged with four counts of lewd and lascivious acts on a child under the age of 14 (Pen. Code, § 288, subd. (a) – counts 1-4).  It was also alleged that during the commission of these offenses, defendant had substantial sexual conduct with the victim within the meaning of Penal Code section 1203.066, subdivision (a)(8).  After advisement by the trial court, defendant waived his rights to a preliminary hearing, a jury trial, and a probation violation hearing. He also waived his rights to confront the witnesses against him, to testify on his own behalf, to subpoena witnesses, and to remain silent.  Pursuant to a negotiated plea agreement, defendant pleaded no contest to counts 1 and 2 and admitted the allegations associated with these counts.  Defendant also admitted that he had violated the terms of his probation in case No. C1110625.  Counts 3 and 4 were dismissed. The trial court sentenced defendant to three years in prison.  Defendant was given 261 days credit for

pretrial custody and 39 days of conduct credit. The trial court imposed the minimum mandatory fines and advised defendant that he would be subject to 10 years on parole. The trial court also ordered AIDS testing, sex offender registration, and restitution. Defendant was prohibited from visiting Jane Doe. Defendant did not obtain a certificate of probable cause and filed a timely notice of appeal.

Jane Doe told her pastor that she had consensual sexual intercourse with defendant, who was also a church member, on four separate occasions. These incidents occurred in defendant's vehicle in a parking lot, defendant's living room, defendant's bedroom, and the nursery room of the Bible Way Christian Center Church. After his arrest, defendant admitted having sexual intercourse with Jane Doe. He wrote a letter of apology to her.

Appointed appellate counsel has filed an opening brief which states the case and the facts but raises no issues. Defendant was notified of his right to submit written argument on his own behalf but he has failed to avail himself of the opportunity. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we have reviewed the entire record and have concluded that there are no arguable issues on appeal.

The judgment is affirmed.

_____

Mihara, J.

WE CONCUR:

_____

Elia, Acting P. J.

_____

Bamattre-Manoukian, J.